UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON E. VIRAMONTES, et al., | No. 2:15-cv-1754 TLN AC (PS) |
| Plaintiffs, | |
| v. | ORDER |
| PFIZER, INC., | |
| Defendant. | |

Plaintiffs are proceeding pro per in this action. The matter was referred to a United States Magistrate Judge by Eastern District of California Rule ("Local Rule") 302(c)(21).

On December 23, 2015, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations ("F&Rs") were to be filed within twenty-one days. (ECF No. 23.) Plaintiffs filed timely objections to the findings and recommendations (ECF No. 26), and Defendant filed a response (ECF No. 28). Plaintiffs filed an additional reply to Defendants Response (ECF No. 29), and Defendant filed a Motion to Strike the Plaintiffs' additional reply as improper under the Federal Rules of Civil Procedure ("Federal Rules"), Eastern District Local Rules ("Local Rules"), and the Court's F&Rs (ECF No. 30.)

"Failure to comply with this Court's orders, local rules, and the Federal Rules of Civil Procedure 'may be grounds for the imposition by the Court of any and all sanctions . . . within the

1

inherent power of the Court.'" *Dews v. Kern Radiology Med. Grp., Inc.*, No. 1:12-CV-00242-AWI, 2013 WL 1284110, at *1 (E.D. Cal. Mar. 28, 2013) (quoting Local Rule 110). "Courts have the inherent power to control their docket and in the exercise of that power, they may properly strike documents." *Id.* (citing Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404–05 (9th Cir. 2010)). Pro se litigants, like all litigants, must obey the Federal and Local Rules. *Kent v. City of Sacramento*, No. 2:07-CV-02361 MCE, 2011 WL 6012413, at *3 (E.D. Cal. Dec. 1, 2011). The Court finds that Plaintiffs' reply to the Defendant's Response (ECF No. 29) is improper under the Federal Rules, the Local Rules, and the Court's F&Rs. The Federal Rules provide that a party may serve "specific written objections" to F&Rs, and that the opposing party "may respond." Fed. R. Civ. P. 72(b)(2). Likewise, Local Rule 304(b)-(d) provides only for objections and a corresponding response. Consistent with those rules, the Court's F&Rs provide that either party may object, and the opposing party may file a response. (ECF No. 23, at 18.) No further briefing is authorized. Accordingly, pursuant to Defendant's Motion to Strike (ECF No. 30), the Court finds Plaintiffs reply (ECF No. 29) improper and it is hereby stricken.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 23, 2015 (ECF No. 23), are ADOPTED in full;
2. Plaintiffs' additional Reply to Defendant's Response to the Objections to the findings and recommendations (ECF No. 29) is STRICKEN.
3. Defendant's Motion to Dismiss (ECF No. 6), is GRANTED, as follows:
    a. Plaintiffs' claims for negligence and strict products liability are dismissed with

---

[1] Nevertheless, the Court notes that it did review Plaintiffs additional reply (ECF No. 29) and found the arguments therein unpersuasive. Therefore, even if the Court had considered the arguments raised in Plaintiffs additional reply it would have not have changed the Courts decision.

2

1 prejudice as barred by the applicable statute of limitations; and

2     b. Plaintiff Edward Viramontes's claim for loss of consortium is dismissed without prejudice, as barred by the statute of limitations. Mr. Viramontes is granted 30 days to amend his complaint, if he can truthfully allege that his loss of consortium did not begin until on or after July 18, 2013.

3. Defendant's request to convert the Motion to Dismiss into a Summary Judgement motion is denied.

Dated: February 22, 2016

Troy L. Nunley
United States District Judge