UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD G. VIRAMONTES,<br><br>             Plaintiff,<br><br>     v.<br><br>PFIZER INC.,<br><br>             Defendant. | No.  2:15-CV-1754 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

This is a removed diversity action alleging that plaintiff Edward G. Viramontes suffered the loss of consortium of his wife, Sharon E. Viramontes (formerly a co-plaintiff). Plaintiff is proceeding in pro per, and pretrial proceedings were accordingly referred to the magistrate judge by E.D. Cal. R. 302(c)(21).  Pending before the undersigned is defendant's motion to dismiss the complaint.  ECF No. 52.  For the reasons set forth below, the undersigned will recommend that the complaint be dismissed, with leave to amend.

I. PROCEDURAL HISTORY

The original complaint was filed in state court on July 17, 2015.  ECF No. 1-1, Exh. A.  According to that complaint, defendant Pfizer Inc. makes and sells the drug Celebrex.  Id. ¶ 3.  Plaintiff's wife was injured by Celebrex, and plaintiff suffered a loss of consortium as a result of plaintiff's injuries.  Id. ¶¶ 12-14.

////

1

1    On February 23, 2106, Sharon Viramontes' claims for negligence and strict product
2    liability were dismissed with prejudice as barred by the statute of limitations. ECF No. 31
3    (adopting ECF No. 23's F&Rs).  Plaintiff's loss of consortium claim was dismissed on statute of
4    limitations grounds, but plaintiff was granted leave to amend if he "could truthfully allege that his
5    loss of consortium did not begin until on or after July 18, 2013." Id.

6    Plaintiff has now filed his First Amended Complaint ("Complaint"), alleging only loss of
7    consortium. ECF No. 51.  Defendant moves to dismiss on statute of limitations and collateral
8    estoppel grounds, and because plaintiff fails to state a claim. ECF No. 52.  In the alternative,
9    defendant moves to "dismiss" the prayers for punitive damages and lost wages. Id.

## II.  DISMISSAL STANDARDS

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the Complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most

favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Here, defendant's motions are based upon affirmative defenses. See Fed. R. Civ. P. 8(c)(1) ("estoppel," "res judicata" and "statute of limitations" are among the affirmative defenses); Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 350 (1971) ("[r]es judicata and collateral estoppel are affirmative defenses that must be pleaded").

> Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint. If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper.

ASARCO, LLC v. Union Pacific R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted); see also, Jones v. Bock, 549 U.S. 199, 215 (2007) ("[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground").

////

Motions to dismiss based upon the statute of limitations are, like such motions based upon any affirmative defense, subject to the same rules. This is true here, where the timeliness of the complaint relies upon the limitations period being tolled until plaintiff reasonably discovers the claim.

> A motion to dismiss based on the running of the statute of limitations period may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.

Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)); Von Saher, 592 F.3d at 969.

### III. ANALYSIS

A. The Law

The elements of a loss of consortium claim are:

> "(1) a valid and lawful marriage between the plaintiff and the person injured at the time of the injury; [¶] (2) a tortious injury to the plaintiff's spouse; [¶] (3) loss of consortium suffered by the plaintiff; and [¶] (4) the loss was proximately caused by the defendant's act."

LeFiell Mfg. Co. v. Superior Court, 55 Cal. 4th 275, 284-85 (2012) (quoting Hahn v. Mirda, 147 Cal. App. 4th 740, 746 (2007)).

B. Statute of Limitations

The Complaint alleges that plaintiff's wife underwent two surgeries, both of which occurred within the limitations period. On March 6, 2014, plaintiff's wife underwent the first surgery. Complaint ¶ 6. On November 13, 2014, the wife underwent the second surgery. Id. ¶ 7. The second surgery "caused unsightly scars and failed to resolve all of the problems associated with muscle wasting, inhibiting sexual relation." Id. Plaintiff further alleges that "[b]oth above treatments were the direct cause for plaintiff's loss of consortium." Complaint ¶ 8.

Defendant argues that the complaint should be dismissed because "Mr. Viramontes's theory is that his wife's muscle-wasting – not the surgery itself – caused his lost consortium; the surgery merely failed to fully resolve the muscle-wasting." ECF No. 52-1 at 6. Defendant goes

1    on to assert that the muscle-wasting occurred ten years before suit was filed, well outside the

2    limitations period. Id.

3        Defendant's argument, both in its papers and at the hearing on this matter, is entirely

4    based upon its view that the complaint is alleging that the loss of consortium was caused

5    exclusively by the muscle-wasting. That view ignores the Complaint's allegations that it was the

6    surgeries themselves, and the "unsightly scars" resulting from the surgery, that caused the loss.

7        Defendant's argument requires that the court construe the Complaint in defendant's favor

8    and against plaintiff. Were that permissible, the court could read the last sentence of Paragraph 7

9    of the Complaint as limiting the loss of consortium to the failure to resolve the muscle-wasting.

10   However, the court must construe the Complaint in plaintiff's favor. Knievel v. ESPN, 393 F.3d

11   1068, 1072 (9th Cir. 2005) ("[w]hen ruling on a motion to dismiss, we accept all factual

12   allegations in the complaint as true and construe the pleadings in the light most favorable to the

13   nonmoving party").[1]

14       At the hearing, defendant argued that the court is not required to construe "ambiguities" in

15   the complaint in plaintiff's favor on a second motion to dismiss. However, defendant is creating

16   ambiguities where none exist. The complaint plainly states that it was the *surgeries*, in addition

17   to the unsightly scars caused by the surgeries, that caused the loss of consortium.[2] Specifically,

18   the Complaint identifies two "treatments" – a March 6, 2014 surgery, and a November 13, 2014

19   surgery – and plainly states that "Both above treatments were the direct cause for plaintiff's loss

20   of consortium." Complaint ¶¶ 6-8.

---

[1] Defendant asserted at oral argument that this was "technically" plaintiff's second attempt to amend his complaint. However, plaintiff's first attempt to amend his complaint was stricken not because of any problem with the loss of consortium claim, but because it included claims which had already been dismissed with prejudice. See ECF No. 45. In any event, the court's obligation to construe allegations in plaintiff's favor does not end once plaintiff has had a prior opportunity to amend the complaint. See Somers v. Apple, Inc., 729 F.3d 953, 956 (9th Cir. 2013) ("[t]he facts are drawn from the allegations in the operative Corrected Second Amended Complaint (SAC), filed on January 25, 2011, which on a Rule 12(b)(6) motion, we accept as true and construe in the light most favorable to Somers").

[2] Of course, the claim must have facial plausibility to avoid dismissal. Iqbal, 556 U.S. at 678. Defendants have not explained why it is implausible that the wife's injuries could have required a surgery that, no matter how carefully performed, would cause a loss of consortium for plaintiff.

5

1  Defendant attempts to create ambiguity out of this clarity by claiming that it cannot
2 understand whether it was the "muscle-wasting" or the failure to resolve the "muscle-wasting"
3 that was the cause of the loss of consortium.  It is neither.  According to the Complaint, it was the
4 *surgeries*, together with the unsightly scars caused by the surgeries, that caused the loss of
5 consortium.  Plaintiff, proceeding pro se, does add an additional allegation that the surgeries
6 failed to resolve the muscle-wasting problem, and that the unsightly scars caused by the surgeries
7 also "inhibit[ed] sexual relation."  Complaint ¶ 7.  However, even if this is read as alleging that
8 the muscle-wasting *contributed* to the loss of consortium, it is no basis for dismissing the claim
9 that the surgeries were the direct cause of the loss.[3]

    C.  Judicially Noticed Documents

Defendant argues that even if the muscle wasting only contributed to the loss of consortium, the statute of limitations began to run when the muscle wasting began.  It then argues that the court has already taken judicial notice of documents showing that the muscle wasting began outside of the limitations period, citing two documents.

First, defendant cites the November 21, 2012 letter from Ira Fishman, M.D., which plaintiffs acknowledge they received around that time.  ECF Nos. 13, Exh. B.  Indeed, that letter states "There was visible buttock muscle wasting …."  ECF No. 13 at 14.  This letter was judicially noticed for the fact of its existence and its contents, but not for the truth of the matters asserted in it.  See San Luis & Delta-Mendota Water Auth. v. Salazar, 686 F. Supp. 2d 1026, 1032 (E.D. Cal. 2009) (Wanger, J.) ("[t]hey may be judicially noticed for their publication and their contents, but not for the truth of disputed matters asserted in the documents").  Therefore, it is clear from this letter that plaintiff knew that his wife's doctor had stated that his wife had muscle wasting as early as 2012.  This would contradict any allegation of the complaint that plaintiff had never been told that his wife had muscle wasting.  However, it does not establish, for

---

[3] Defendant also argues that unsightly scarring, alone, is not enough for a loss of consortium claim, citing Park v. Standard Chem. Way Co., 60 Cal. App. 3d 47, 49-51 (1976).  Park does not stand for that illogical proposition.  In that case, plaintiff was "embarrassed" by her husband's scars, and it caused "partial" loss of consortium.  That is not what is alleged here.  Defendant offers no explanation for why disfigurement, caused by sufficiently severe scarring, could not possibly cause a loss of consortium.

Rule 12(b)(6) purposes, that plaintiff's wife actually had muscle wasting at the time.

Second, defendant cites a January 24, 2004 letter signed by plaintiff's wife, which describes the symptoms she experienced from taking Celebrex, and includes "muscle atrophy, [and] muscle loss in buttocks."  ECF No. 6 at 42.  This letter also, was judicially noticed for the fact of its existence and its contents, but not for the truth of the matters asserted in it.  Therefore, it is clear from this letter (assuming its authenticity), that plaintiff's wife *stated* that she had muscle wasting arising from her Celebrex use.  This would contradict any allegation of the complaint that she had never made such a statement.  However, it does not establish, for Rule 12(b)(6) purposes, that plaintiff's wife actually had muscle wasting at the time.

Accordingly, while defendant may well be able to make use of these documents in a motion for summary judgment, or at trial, they do not plead plaintiffs out of court.  They do not establish that the muscle wasting occurred prior to July 18, 2013.

### D. Claim Preclusion & Issue Preclusion

Defendants' preclusion arguments also depend entirely on its interpretation of the Complaint as alleging that "muscle-wasting" is the sole cause of plaintiff's loss of consortium.  For example, defendant argues that plaintiff "must establish that Bextra or Celebrex caused Ms. Viramontes's alleged muscle-wasting, as that is the only physical injury that Plaintiff links in any way to his lost consortium," and "[t]he amended complaint clarifies that Ms. Viramontes's muscle-wasting was the cause of Plaintiff's loss of consortium …."  ECF No. 52-1 at 13, 15.

Based solely upon this interpretation, defendant argues that "the cause of Ms. Viramontes's muscle-wasting has been finally and definitively litigated against Plaintiffs."  ECF No. 52-1 at 14.  Therefore, defendant argues, plaintiff cannot establish that any tort was done to his wife, and plaintiff's loss of consortium claim "cannot stand where the underlying tort claim fails on the merits."  ECF No. 52-1 at 14 (citing Hahn v. Mirda, 147 Cal. App. 4th 740, 746 (2007)).

However, as discussed above, plaintiff does not rest his loss of consortium claim solely on "muscle-wasting."  He bases it on the two surgeries, and the scarring caused by at least one of them.  Complaint ¶¶ 6-8.  Moreover, the need for the surgery is alleged to be the wife's Celebrex-

induced dermatomyositis, not simply muscle-wasting. Id. ¶ 5 (the second ¶ 5).

### E.  Causation

Defendant argues that plaintiff fails to allege tortious conduct on its part. Defendant is correct. The second element of the loss of consortium claim is "'a tortious injury to the plaintiff's spouse ….'" LeFiell Mfg. Co. v. Superior Court, 55 Cal. 4th 275, 284 (2012) (quoting Hahn v. Mirda, 147 Cal. App. 4th 740, 746 (2007)). While plaintiff alleges that his wife was injured by Celebrex, he nowhere alleges that Pfizer wrongfully manufactured, designed, marketed or sold Celebrex, or had any other connection to Celebrex. Without alleging that defendant committed a tort against plaintiff's wife, plaintiff can have no claim against defendant for loss of consortium.

### F.  Punitive Damages

Defendant asks the court to "dismiss" the prayer for punitive damages and for lost wages on the grounds that such relief is precluded by law. ECF No. 52-1 at 17-18. Defendant asserts that it is not asking the court to "strike" the prayers for relief, because the Ninth Circuit says:

> We hold that Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law.

Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 976 (9th Cir. 2010). Whittlestone went on to say:

> Handi-Craft's 12(f) motion was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit – *actions better suited for a Rule 12(b)(6) motion* or a Rule 56 motion, not a Rule 12(f) motion.

Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (emphases added).

However, in Whittlestone, the *only* relief sought was "'lost profits and consequential damages.'" Id. at 973. Defendant argued that such relief was precluded by the contract itself, and thus, precluded by law. Therefore, dismissing the claim for damages also meant dismissing the claim for breach of contract, because it makes no sense to permit suit to go forward when the only possible relief is precluded by law.

In any event, defendant cites no authority that punitive damages are not available in a claim for loss of consortium. Indeed, the court knows of no reason they would not be available.

8

1  In California,

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294(a). Defendant says plaintiff does not sufficiently allege the prayer for relief. But it does not provide any authority that the complaint must allege the factors needed to obtain punitive damages even where the complaint sufficiently pleads a cause of action. Accordingly, in his amended complaint, plaintiff may, if he chooses, re-allege the prayer for punitive damages.

Defendant cites CACI No. 3920 for the proposition that lost wages are not available in a loss of consortium claim. It appears that such damages are not available here. See Rodriguez v. Bethlehem Steel Corp., 12 Cal. 3d 382, 409, 525 P.2d 669 (1974) (in a loss of consortium claim, "Mary Anne cannot recover for the loss of her earnings and earning capacity assertedly incurred when she quit her job in order to furnish Richard these same nursing services"). Accordingly, in his amended complaint, plaintiff should not include a prayer for lost wages, unless he is satisfied that the law does, in fact, allow such a claim.

## IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendant's Motion To Dismiss the complaint (ECF No. 52), should be GRANTED, with leave to amend, on the grounds that plaintiff fails to allege causation;
2. Plaintiff should be granted 30 days to amend his complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57
3  (9th Cir. 1991).
4  DATED: September 2, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE