| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| EDWARD G. VIRAMONTES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PFIZER, INC.,<br><br>　　　　　Defendant. | No. 2:15-cv-01754 TLN AC<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Judgment was entered in favor of defendant on a summary judgment motion on September 14, 2018. ECF Nos. 114, 115. On September 28, 2018, defendant submitted a bill of costs to charge to plaintiff, requesting an award of $6,922.43. ECF No. 117, 118. Plaintiff did not timely object, and in light of plaintiff's pro se status, the undersigned gave him an additional opportunity to respond. ECF No. 120. Plaintiff filed objections on November 13, 2018. ECF No. 121. For the reasons articulated below, the undersigned awards costs in the full amount of $6,922,43.

Pursuant to Federal Rule of Civil Procedure 54(d)(1) of the Federal Rules of Civil Procedure, the prevailing party in a lawsuit may recover its costs, other than attorney's fees, "[u]nless a federal statute [the civil rules] or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing

party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican–Am. Educators v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000). If the court declines to award costs to the prevailing party, it must "specify reasons" for denying costs. Id. However, there is no need for the court to "specify reasons for its decision to abide [by] the presumption and tax costs to the losing party." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). Reasons to refuse to award costs include the losing party's limited financial resources or misconduct of the prevailing party. Ass'n of Mexican-Am. Educators, 231 F.3d at 592. A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in this District, by Local Rule 292. 28 U.S.C. § 1920 (specifying taxable costs); L.R. 292(f) (same).

Here, plaintiff's only objection to defendant's request for costs is that "he did not accept any settlement offered at a confidential settlement conference," and that "all court cost will continue to be waived with his appeal." EF No. 121 at 2. This case was removed to federal court; plaintiff is not proceeding in forma pauperis. ECF No. 1. The court has no evidence that plaintiff's financial resources are so limited that he should not be required to pay costs, and there is no evidence that defendant engaged in any misconduct in this case. Thus, the motion for costs is GRANTED and costs are awarded in the full amount requested, $6,922,43.

SO ORDERED:

DATED: November 19, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE